PER CURIAM.
The Petitioner has been charged with three counts of battery on a law enforcement officer, two counts of resisting with violence, one count of criminal mischief, a misdemeanor, and one count misdemeanor DUI. After a hearing, the trial court denied bond. Petitioner asserts that the trial court ignored section 907.041(4)(a), Florida Statutes (2006), asserting that none of the crimes charged constitute a “dangerous crime,” and the Petitioner does not meet the criteria for section 907.041(4)(e), Florida Statutes (2006). We agree that bond with sufficient conditions is warranted in this case. By previous order, the petition for writ of habeas corpus has been granted and the matter of bond remanded to the trial court, with this opinion to follow.
The testimony and evidence submitted below shows that the State did not file a motion for pre-trial detention, pursuant to Florida Rule of Criminal Procedure 3.132(a)(2007).[1] It is undisputed that the crimes charged do not constitute “dangerous crimes,” which would fall under section 907.041(4)(a) and it was not established that the Petitioner meets the criteria for section 907.041(4)(c). In addition, unrefut-ed testimony was presented that there are sufficiently stringent conditions of bond available to protect the public, as well as to assure the appearance of the Petitioner at future proceedings for the offenses charged.
The petition is granted, and the order is quashed, with the matter of bond remanded to the trial court for a hearing to set the conditions for pretrial release.
PETITION GRANTED.
PALMER, C.J., THOMPSON and MONACO, JJ., concur.

. At the bond hearing, the State agreed that since the charged violations were not life felonies, it was their understanding that bond would have to be set. However, the State argued that the Appellant's behavior concerned them and requested that the court make the conditions of bond “sufficiently stringent” to ensure the protection of the public.